UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION
FILED
July 31, 2007
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOE LEE BUSTER, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | 7:06-CV-013-R |
| | ) | |
| JERALD L. BARNETT, *et al.*, | ) | |
|    Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Came on this day to be considered Plaintiff's Motion for Summary Judgment and Defendants' response thereto, and Defendants' Motion for Summary Judgment and Plaintiff's response thereto, and the Court finds and orders as follows:

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate confined in the Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. Defendants are James D. Mooneyham, the Allred Unit's assistant warden, and Jerald L. Barnett, the Unit Dental Director of the Allred Unit.

Plaintiff claims that Defendants subjected him to "cruel and unusual" punishment under the Eighth Amendment by denying him partial or complete dentures. *See Pl.'s Am. and Supp. Compl., filed on February 5, 2007.* He seeks monetary damages and injunctive relief. *Id. Part VII: ¶¶ 35-42.* Mooneyham argues that he had no "personal involvement" as required under § 1983. *Defs.' Br in Support of Mot. for Summ. J. at Part B.1.* Dr. Barnett asserts the qualified immunity defense. *Id. at Part C.*

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, an inmate must allege acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). However, it is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim. *Varnado v. Lynaugh*, 920 F.2d

320, 321 (5th Cir. 1991). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo*, 457 U.S. 307, 322-23, 102 S.Ct. 2452, 2461-62 (1982). A disagreement over the appropriate medical treatment constitutes, at most, a possible claim of medical malpractice appropriately addressed under state law. *E.g., Estelle v. Gamble*, 429 U.S. at 107-08, 97 S.Ct. at 293; *Varnado*, 920 F.2d at 321; *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

The parties agree that Plaintiff has advanced periodontal disease and has only six teeth remaining. *See Pl.'s Am. and Supp. Compl. p. 2; Defs.' Br in Support of Mot. for Summ. J. at Part III.D*. The Defendants' evidence, which Plaintiff does not question, also reflects that Plaintiff was seen by two dentists, Dr. Coulson, and Defendant Dr. Barnett, numerous times from 2002 through 2006 for evaluation and treatment regarding his periodontal disease. *Defs.' Exhibit C at pp. 21-40*. The evidence shows that Dr. Coulson examined Plaintiff after Plaintiff's April 5, 2004, sick call and determined that he could not fit Plaintiff for partial dentures based on Plaintiff's mouth structure. *Id. at p. 23*. On June 6, 2005, Dr. Coulson again denied Plaintiff's request for dentures, this time citing TDCJ policy. *Id. at p. 29*. Dr. Barnett also denied Plaintiff's request for dentures after Plaintiff's May 4, 2006, appointment, stating that there was no medical necessity for Plaintiff to have dentures made. *Id. at p. 42*. The evidence contains a record of several other dentist appointments where Plaintiff received treatment, with the most common procedure being the extraction of Plaintiff's teeth. There is no evidence indicating that Plaintiff was ever denied access to dentists upon request. Instead, Plaintiff simply disagrees with the dentists' decision not to provide him dentures. Plaintiff's claim is insufficient because a mere disagreement over the appropriate nature of medical treatment cannot amount to a "deliberate indifference" to a prisoner's medical

needs.[1]  *Estelle v. Gamble*, 429 U.S. at 107-08.  The Court need not address each Defendant's individual defense because Plaintiff cannot show a violation of his constitutional right as a matter of law.

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED.  Plaintiff's complaint is hereby dismissed with prejudice.

A copy of this order shall be transmitted to Plaintiff and to Counsel for Defendants.

SO ORDERED this 31st day of July, 2007.

>  
> JERRY BUCHMEYER  
> UNITED STATES DISTRICT JUDGE

---

[1] Moreover, Dr. Barnett correctly determined that Plaintiff did not meet the criteria for receiving dentures under the TDCJ Correctional Managed Health Care Policy.  The policy provides a patient with dentures when the patient's nutritional status is unsound, which is determined by the patient's Body Mass Index (BMI).  Here, Plaintiff's BMI was well above the national average during 2003-2005, and therefore, Plaintiff's nutritional status was not unsound under the policy.  As such, he was not a candidate for dentures.